MARC NUFRIO
15 BRAEMAR DRIVE
ROCKAWAY, NJ 07866
PLAINTIFF

Plaintiff(s)

MARC NUFRIO

VS.

Defendants(s)

Morris/Sussex Vicinage Probation
Services Divisions John Does 1-5
and Jim Does Corps 1-5,
Patricia Quintavella, Jonathan Bell
Essex Vicinage Probation Services Division
John Does 1-5 and Jim Does Corps 1-5,
State Of New Jersey John Does 1-5 and Jim
Does Corps 1-5, County Of Morris John Does 1-5
and Jim Does Corp 1-5, Morris County Sheriff
John Does 1-5 and Jim Does Corp 1-5,
Robert Ciolek, Andrew White, Deirdre R. Kole,
Drinker Biddle & Reath LLP John Does 1-5
And Jim Does Corps 1-5,
Drinker Biddle & Shanley LLP John Does 1-5
And Jim Does Corps 1-5,
Karyn Nufrio, Karyn Nufrio-Sloop,
Essex County Volunteer Lawyers For Justice
(VLJ)John Does 1-5, and Jim Does Corps 1-5,
Administrative Office of The Courts
John Does 1-5 And Jim Does Corps 1-5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No.

COMPLAINT

Jury Demand

*11 - 3232 (WJM)*

## PARTIES

Plantiff, Marc Nufrio, address is 15 Braemar Drive,
Rockaway, New Jersey 07866.

Defendant, Morris/Sussex Vicinage Probation Services
Divisions John Does 1-5 and Jim Does Corps 1-5 address is
Washington And Courts Street Morristown, NJ 07960.

Defendant, Patricia Quintavella address is Washington And
Courts Street Morristown, NJ 07960.

1

Defendant, Jonathan Bell address is Washington And Courts Street Morristown, NJ 07960.

Defendant, Essex Vicinage Probation Services Division John Does 1-5 and Jim Does Corps 1-5 address is 212 Washington Street Room 1109 Newark, NJ 07102.

Defendant, State Of New Jersey John Does 1-5 and Jim Does Corps 1-5 address is 25 Market Street Trenton, NJ 08625

Defendant, County Of Morris John Does 1-5 and Jim Does Corps 1-5 address is Washington And Courts Street Morristown, NJ 07960.

Defendant, Morris County Sheriff John Does 1-5 and Jim Does Corps 1-5 address is 60 Washington Street Morristown, NJ 07960

Defendant, Robert Ciolek address is 500 Campus Drive Florham Park, NJ 07932.

Defendant, Andrew White address is 500 Campus Drive Florham Park, NJ 07932.

Defendant, Deirdre R. Kole address is 500 Campus Drive Florham Park, NJ 07932.

Defendant, Drinker Biddle & Reath LLP John Does 1-5 and Jim Does Corps 1-5 address is 500 Campus Drive Florham Park, NJ 07932.

Defendant, Drinker Biddle & Shanley LLP John Does 1-5 and Jim Does Corps 1-5 address is 500 Campus Drive Florham Park, NJ 07932.

Defendant, Karyn Nufrio address is 15 Avenue C Monroe, NJ 08831.

Defendant, Karyn Nufrio-Sloop address is 15 Avenue C Monroe, NJ 08831.

Defendant, Essex County Volunteer Lawyers For Justice (VLJ) John Does 1-5 and Jim Does Corps 1-5 address is One Riverfront Plaza Newark, NJ 07102.

2

Defendant, Administrative Office of The Courts John Does 1-5 and Jim Does Corps 1-5 address is 25 Market Street, Trenton NJ 08625.

## JURISDICTION

Plantiff,Marc Nufrio, who resides at 15 Braemar Drive, Rockaway, New Jersey says:

Lawsuit is based upon and arises under Federal law.

Lawsuits and action arise under including but not limited to violation of Federal Laws, Federal Civil Rights laws and fraud.  The parties and actions have taken place in New Jersey.  The allegation common and all counts and complaint are for Federal law.  The jurisdiction for lawsuit is Federal court.

Plantiff,Marc Nufrio, who resides at 15 Braemar Drive, Rockaway, New Jersey says:

## ALLEGATIONS COMMON TO ALL COUNTS

1.  On or about November 29, 1999 a Final Judgment of Divorce was entered in Superior Court for Karyn Nufrio Vs Marc Nufrio.

2.  On or about August 1, 1996 to present proceedings have taken place regarding Karyn Nufrio and/or Karyn Nufrio-Sloop Vs. Marc Nufrio in Superior Courts and New Jersey Appellate Court.

3.  On or about August 1, 1996 to present the Superior Court entered court orders.

3

4. On or about January 1, 2000 to present the New Jersey Appellate Division Court entered court orders.

5. On or about November 29, 1999 to on or about May 10, 2002 Marc Nufrio has a child support account number (CS34168337A) through Essex Vicinage Probation Services Division.

6. On or about May 10, 2002 to present Marc Nufrio has a child support account number (CS34168337A) through Morris/Sussex Vicinage Probation Services Division.

7. On or about August 1, 1996 to present counsel for Marc Nufrio filed court moving papers with the Superior Court.

8. On or about August 1, 1996 to present counsel for Marc Nufrio filed court moving papers with the New Jersey Appellate Division.

9. Marc Nufrio-Prose filed court moving papers with the Superior Court and with the New Jersey Appellate Division as per court records.

10. On or about November 29, 1999 to present Marc Nufrio filed court moving papers with the Superior Court and provide legal records to Essex Vicinage Probation Services Division and/or Morris/Sussex Vicinage Probation Services Division.

11. On or about November 29, 1999 to present the Superior

Court and/or Defendants entered erred court orders.

12. On or about January 1, 2000 to present the New Jersey Appellate Division entered court orders.

13. On or about January 1, 2000 to present the New Jersey Appellate Division entered court orders for Superior Court errors.

14. On or about November 29, 1999 to present the Superior Court and/or Defendant's disregarded New Jersey Appellate Division entered court orders and court rules.

15. On or about November 29, 1999 to present the Superior Court and/or Defendants entered court orders outside of it's authority and legal basis.

16. On or about November 29, 1999 to present the Superior Court and/or defendants entered court orders outside of it's authority and legal basis that have not been corrected.

17. On or about November 29, 1999 to present the Superior Court and/or Defendants entered court orders outside of it's authority and legal basis that have not been corrected by Defendants.

18. On or about November 29, 1999 to present the Superior Court and Essex Vicinage Probation Services Division and/or Morris/Sussex Vicinage Probation Services Division

and/or failed to follow the rules of the court and court laws.

19.   On or about November 29, 1999 to present Essex Vicinage Probation Services Division and Morris/Sussex Vicinage Probation Services Division and/or disregarded New Jersey Appellate Division entered court orders and court rules.

20.   On or about November 29, 1999 to present the Superior trial court and defendants failed to follow the rules of the court and court laws.

21.   On or about November 2, 2000 to present Essex Vicinage Probation Services Division and Morris/Sussex Vicinage Probation Services Division has collected wrong amounts for Marc Nufrio child support account number(CS34168337A). On or about November 2, 2000 to present Essex Vicinage Probation Services Division and Morris/Sussex Vicinage Probation Services Division has failed to provide Marc Nufrio child support file records for account number(CS34168337A).

22.   On or about May 1, 2003 to present Morris/Sussex Vicinage Probation Services Division refused to provide Marc Nufrio child support file records for account number(CS34168337A).

6

23.  On or about May 1, 2003 to present Administrative Office Of The Courts refuse to provide Marc Nufrio child support file records for account number(CS34168337A) and/or take corrective actions for problems.

24.  On or about May 1, 2003 to present State Of New Jersey and/or Defendants refuse to provide Marc Nufrio child support file records for account number(CS34168337A) and/or take corrective actions for problems.

25. Since the Final Judgment of Divorce November 29, 1999, Karyn Nufrio and/or Karyn Nufrio-Sloop, and/or her counsel Drinker Biddle & Reath LLP and/or defendants has filed approximately 15 motions with several Appeals in both Superior Trial Court and Appellate Division for the sole purpose to harass, intimidate and financially destroy Marc Nufrio.

26. Since the Final Judgment of Divorce November 29, 1999, Karyn Nufrio and/or Karyn Nufrio-Sloop, and/or her counsel Drinker Biddle & Reath LLP and defendants has opposed approximately 15 motions with several Appeals in both Superior Trial court and Appellate Division for the sole purpose to harass, intimidate and financially destroy Marc Nufrio.

27. Defendants has sent numerous threatening and harassing

documents to Marc Nufrio in an on going attempt to annoy, harass and intimidate Marc Nufrio and others.

28. On or about November 2, 2000, Defendant(s) harassed and threatened plaintiff. Defendants made statements.

29. On or about October 10, 2003, Defendant(s) harassed and threatened plaintiff. Defendants made statement.

30. On or about December 19, 2003 Defendant(s) harassed and threatened plaintiff. Defendants made statements.

31. On or about June 7, 2005, Defendant(s) harassed and threatened plaintiff. Defendants made statements.

32. On or about May 4, 2007, Defendant(s) harassed and threatened plaintiff. Defendants made statements.

33. On or about May 21, 2007 to present, Defendant(s) harassed and threatened plaintiff. Defendants made statements.

34. On or about May 1, 2011 to present, Defendant(s) harassed and threatened plaintiff. Defendants made statements.

35. On or about May 15, 2011 to present Defendant(s) harassed and threatened plaintiff.

36. On or about June 15, 2005, Defendant(s) harassed and threatened plaintiff. Defendants made statements.

37. On or about August 1, 2005, Defendant(s) harassed and

threatened plaintiff. Defendants made statements.

38. On or about June 1, 2011 to present, Defendant(s) harassed and threatened plaintiff.

39. On or about November 10, 2004 to present Morris County Trial Court entered court orders for Morris/Sussex Vicinage Probation Services Division.

40. On or about April 15, 2005, Marc Nufrio filed Notice Of Motion with Trial court and notified defendants of errors. On or about June 9, 2005 and/or March 1, 2006 Marc Nufrio filed Notice Of Motions in Superior Trial Court.

41. On or about September 1, 2005 to present Marc Nufrio notified defendants and others of errors.

42. On or about June 6, 2005 Marc Nufrio was arrested.

43. On or about November 10, 2004, Defendant(s) harassed and threatened plaintiff.

44. On or about June 7, 2005 to present, Defendant(s) harassed and threatened plaintiff.

45. On or about November 29, 1999 to present Karyn Nufrio and/or Karyn Nufrio-Sloop has made prose statements to Superior Trial Court and also made statements by her counsel including but not limited to attorney's Robert Ciolek, Andrew White, Deirder R. Kole and/or Drinker Biddle & Reath LLP and/or Drinker Biddle & Shanley LLP to

9

Superior Trial Court, Appellate Division, Essex Vicinage Probation Services Division and Morris/Sussex Vicinage Probation Services Division.

46. On or about March 2002 to present attorney's Robert Ciolek, Andrew White, Deirdre R. Kole and/or Drinker Biddle & Reath LLP and/or Drinker Biddle & Shanley LLP and/or Essex County Volunteer Lawyers For Justice (VLJ) made statements to Superior Court, Appellate Division, Morris/Sussex Vicinage Probation Services Division and Defendants.

47. On or about March 2002 to present attorney's Robert Ciolek, Andrew White, Deirdre R. Kole  and/or Drinker Biddle & Reath LLP made false statements and withheld information to Superior Trial court, New Jersey Appellate Division, Morris/Sussex Vicinage Probation Services Division and child support agencies.

48.  On or about March 2002 to present attorney's Robert Ciolek and/or Andrew White and/or Deirdre R. Kole and/or Drinker Biddle & Reath LLP and/or Drinker Biddle & Shanley LLP made erred court orders with Superior trial court, New Jersey Appellate Division, Essex Vicinage Probation Services Division, Morris/Sussex Vicinage Probation Services Division and childs support agencies.

10

49. On or about March 2002 to present Karyn Nufrio, Karyn Nufrio-Sloop, attorney's Robert Ciolek, Andrew White, Deirdre R. Kole and/or Drinker Biddle & Reath LLP and/or Drinker Biddle & Shanley LLP and/or Essex County Volunteer Lawyers For Justice (VLJ) and/or defendants failed to follow the New Jersey court rules and court laws.

50. On or about March 2002 to present attorney's Robert Ciolek, Andrew White, Deirdre R. Kole, and/or Drinker Biddle & Reath LLP and/or Drinker Biddle & Shanley LLP, Karyn Nufrio, Karyn Nufrio Sloop, and/or Essex County Volunteer Lawyers For Justice (VLJ) and/or defendants and others participated in an extortion scheme against Marc Nufrio and/or others. Money was taken from Marc Nufrio though child support account from Essex Vicinage Probation Services Division and Morris/Sussex Vicinage Probation Services Division and other agencies.

51. On or about November 29, 1999 to present defendant's committed frauds and crimes against Marc Nufrio.

52. On or about November 29, 1999 to present defendant's and others created a false record against Marc Nufrio with Superior Court and Defendants(Exhibit 1).

53. On or about November 29, 1999 to present defendant's failed to allow due process and ability to be heard under

the New Jersey rules of the court and court laws.

54. Marc Nufrio notified defendants to cease and desist.

55. Marc Nufrio notified defendants of errors and to cease and desist. No corrective action had been taken.

56. On or about June 7, 2005 Defendant(s) made racial statements, discriminated, harassed and made threats to Marc Nufrio. A cover-up of incidents and records immediately followed. Records had been removed and destroyed. Preferential treatment was given to Karyn Nufrio and/or Karyn Nufrio-Sloop and/or Defendants.

57. On or about November 2, 2000 to present Morris/Sussex Vicinage Probation Services Division and/or Defendant's and others have used enforcement proceedings for child support with Marc Nufrio. Morris/Sussex Vicinage Probation Services Division has made statements to Morris County Superior court and/or others regarding child support enforcement against Marc Nufrio.

58. On or about November 2, 2000 to present Morris/Sussex Vicinage Probation Services Division and/or Defendant's and others have used enforcement proceedings with Morris County Superior court against Marc Nufrio for including but not limited to issue warrant of arrest's, driver license revocations, fines, tax offsets, driver license abstract

information, Morris County superior court orders, erred Morris County superior court orders, incorrect payment amounts, and erred obligation for child support with Marc Nufrio.

59. From November 29, 1999 to present, Defendant(s) harassed and failed to follow New Jersey rules of the court procedures. Complaint reports had been not taken. Preferential treatment was given to Karyn Nufrio, Karyn Nufrio-Sloop and defendants.

60. On or about May 15, 2007 Defendant(s) failed to take complaint and misrepresent facts.

61. On or about November 29, 1999 to present Defendants committed fraud upon the court against Marc Nufrio.

62. On or about March 1, 2003 Paul Sloop was married to Karyn Nufrio-Sloop in a religious ceremony in Old Bridge, New Jersey.

63. On or about March 1, 2002 to present defendants and attorneys failed to refuse representation and/or withdrawal after the case has been accepted by(i) a conflict of interest is discovered;(ii)the client has not properly disclosed income which makes the client ineligible for pro bono services;(iii)the case has no legal merit; or(iv)some other situation arises which would impair the attorney's

13

ability to represent the client.

64. Karyn Nufrio and/or Karyn Nufrio Sloop failed to ascertain the truth or falsity of court orders and/or moving papers before communicating it through her attorney and through litigation.

65. On or about January 1, 2002 to present Drinker Biddle & Reath LLP, Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ) and/or defendants failed to ascertain the truth or falsity of court orders and/or moving papers before communicating it through court and through litigation.

66. On or about January 1, 2002 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ) and/or defendants acted with either disregard to the truth of the falsity of court orders and/or made the knowingly false statement through attorney and to this litigation.

67. On or about January 1, 2002 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ) and/or defendants violated retainer agreements.

68. On or about August 1, 1996 to present defendants violated retainer agreements and obligations with Marc

14

Nufrio.

69.   On or about November 29, 1999 to present the Superior Trial Court entered judgments and sanctions against Marc Nufrio.

70.   On or about November 29, 1999 to present the New Jersey Appellate Division entered judgments and sanctions against Marc Nufrio.

71.   On or about December 2, 2002 a court order was entered in Essex County family court and thereafter on or about January 27, 2003 docketed with judgment number J-21838-03 (Exhibit 2).

72.   Marc Nufrio appealed the December 2, 2002 court order with the Appellate Division under Docket# A-2398-02T1 (Exhibit 2).

73. On or about June 16, 2003 Essex County court issued a warrant of arrest for judgment number J-21838-03 (Exhibit 2).

74.   On or about October 10, 2003 to present the trial court and defendants never vacated the June 16, 2003 warrant of arrest and/or December 2, 2002 court order judgment number J-21838-03 (Exhibit 2).

75. On or about October 10, 2003 to present the trial court and defendants never vacated the June 16, 2003 warrant of

15

arrest and/or December 2, 2002 court order judgment number J-21838-03 for Marc Nufrio (Exhibit 2).

76. The Appellate Division vacated the December 2, 2002 court order by opinion filed November 14, 2003 (Exhibit 2).

77. On or about December 1, 2003 defendants had no litigation in Essex County.

78. On or about January 1, 2001 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ) and/or defendants never filed a substitition of attorney form for Karyn Nufrio (Plaintiff)Nufrio Vs Nufrio with Superior Court in Essex County under Docket#FM 07-1001-97.

79. On or about January 1, 2001 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ) and/or defendants never filed a substitition of attorney form for Karyn Nufrio (Plaintiff)Nufrio Vs Nufrio with Superior Court in Essex County under Docket#FM 07-1001-97 nor ever provided legal documents to Marc Nufrio for litigation.

80. On or about July 1, 2003 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ)and/or Defendants never filed a substitition of attorney form for Karyn

16

Nufrio (Plaintiff)Nufrio Vs Nufrio with Superior Court in Middlesex County under Docket#FM 12-05-04M.

81. On or about July 1, 2003 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice (VLJ)and/or Defendants never filed a substitition of attorney form for Karyn Nufrio (Plaintiff)Nufrio Vs Nufrio with Superior Court in Middlesex County under Docket#FM 12-05-04M for litigation.

82. On or about January 1, 2004 to present Morris County Family Part Judges issue warrant of arrests and court orders against Marc Nufrio.

83. On or about January 1, 2002 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice and/or defendants and/or others fail to provide legal documents to Marc Nufrio.

84. On or about November 29, 1999 to present defendants fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent fact by the client.

85. On or about November 29, 1999 to present defendants make a false statement of material fact or law to a third person.

17

86. On or about November 29, 1999 to present defendants engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

87. On or about November 29, 1999 to present defendants engage in professional misconduct.

88. On or about November 29, 1999 to present defendants violate the Rules Of Professional Conduct.

89. On or about November 29, 1999 to present defendants engage in professional malpractice.

90. On or about November 29, 1999 to present defendants engage in fraud upon the court for acts outside legal authority.

91. On or about January 1, 2002 to present Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice and/or defendants engage in an elaborate extortion scheme against Marc Nufrio and others.

92. On or about November 1, 1999 to present Marc Nufrio filed Notice Of Motion and/or moving papers and/or legal documents with Superior Court Of New Jersey and/or Superior Court Of New Jersey Appellate Division and/or other legal agencies. On or about November 29, 1999 to present the Superior Court Of New Jersey and/or Superior Court Of New

18

Jersey Appellate Division and/or defendants issues court orders outside of moving papers and/or legal authority.

93. On or about November 29, 1999 to present Defendants committed a conflict of interest and/or breached ethical duty and/or conduct of substandard work and/or legal authority to Marc Nufrio (plaintiff).

94. On or about November 29, 1999 to present Defendants committed unethical and/or engaged in fraudulent and/or engaged in criminal acts and/or engaged in intentional deceptive conduct to Marc Nufrio (plaintiff).

95. On or about November 29, 1999 to present defendants moving papers and representation are in record for prior litigation(Exhibit 3).

96. On or about January 1, 2002 to present Andrew White, Robert Ciolek, Deirdre R. Kole, and/or Drinker Biddle & Reath LLP, and/or Drinker Biddle Shanley LLP and/or Essex County Volunteer Lawyers for Justice used electonic and/or mail communication from office address of 500 Campus Drive Florham Park, New Jersey 07932 under Docket#FM-0701001-97, Docket#FM-12-05M, Account CS34168837A, Nufrio Vs Nufrio, New Jersey Appellate Division and litigation against Marc Nufrio and others.

97. On or about June 1 2003 to present Morris/Sussex

19

Vicinage Probation Services Divisions used electonic and/or mail communication from office address of P.O. Box 910 Morristown, New Jersey 07932 and/or legal address under Docket#FM-0701001-97, Docket#FM-12-05M, Account CS34168837A, Nufrio Vs Nufrio, and litigation against Marc Nufrio.

98.   On or about June 1 2003 to present State Of New Jersey and/or Defendants used electronic and/or mail communication from office addresses in New Jersey under Docket#FM-0701001-97, Docket#FM-12-05M, Account CS34168837A, Nufrio Vs Nufrio, and litigation against Marc Nufrio.

99.   On or about November 1, 1999 to present State Of New Jersey and/or Defendants used electronic and/or mail communication for court orders from office addresses in New Jersey under Docket#FM-0701001-97, Docket#FM-12-05M, Account CS34168837A, Nufrio Vs Nufrio, and litigation against Marc Nufrio.

100.   On or about November 1, 2000 to present Defendants Divisions used electonic and/or mail communication from legal address in New Jersey under Docket#FM-0701001-97, Docket#FM-12-05M, Account CS34168837A, Nufrio Vs Nufrio, and litigation against Marc Nufrio.

101.   On or about November 1, 2000 to present Plaintiff

20

received mail communication from defendants at plaintiffs home address.

102. On or about November 1, 2000 to present Plaintiff received mail communication from defendants at plaintiffs home address 15 Braemar Drive Rcokaway NJ 07866 and/or on or about October 1996 to March 2002 at 15 Meeker Place #2 Millburn, NJ 07041.

103. On or about November 1, 1999 to present, Defendants used electronic and/or mail communication to commit fraud with plaintiffs.

104. On or about November 1, 2000 to present, Defendants misrepresented Child Support obligations and/or records to plaintiff for Karyn Nufrio Vs. Marc Nufrio under account CS34168837A.

105. On or about November 1, 2000 to present, Defendants misrepresented Child Support obligations and/or records to plaintiffs for Karyn Nufrio Vs. Marc Nufrio under account CS34168837A and sent billing records by the us mail to plaintiff residence.

106. On or about November 1, 2000 to present, Defendants collected and received money for alleged Child Support obligations and/or records by US mail.

106. On or about November 1, 2000 to present, Defendants

21

collected and received money for alleged Child Support obligations and/or records by US mail and/or legal offices.

107. On or about November 1, 2000 to present, Defendants schemed to defraud plaintiff by fraudulent representation.

108. On or about November 1, 1999 to present, Defendants schemed to defraud plaintiffs by fraudulent representations.

109. On or about November 1, 2000 to present, Defendants misrepresented court orders under Docket#FM-07-1001-97 and/or Docket#FM12-05-04M and/or account CS34168837A and/or Nufrio Vs. Nufrio and litigation.

110. Defendants knowing caused use of US mail and/or electronic communication transmission in furtherance of this scheme to defraud plaintiffs.

111. On or about November 1, 2000 to present, Defendants misrepresented payment to plaintiffs to defraud plaintiffs by fraudulent representations.

112. On or about November 1, 2000 to present, Defendants misrepresented court orders and/or payment to plaintiffs to defraud plaintiffs by fraudulent representations.

113. Morris/Sussex Vicinage Probation Services Divisions and/or Essex Vicinage Probation Services Division assigned case workers for account CS34168837A with plaintiffs that

22

are not legal attornies or licensed to practice law in State Of New Jersey.

114. Plaintiffs provided court orders and legal documents to Morris/Sussex Vicinage Probation Services Divisions and/or Essex Vicinage Probation Services Division assigned case workers for account CS34168837A.

115. Plaintiffs provided court orders and legal documents to Defendants under account CS34168837A, Docket#FM-07-1001-97 and/or Docket#FM-12-05-04M.

116. Plaintiffs provided court orders and legal documents to Defendants by US mail under account CS34168837A, Docket#FM-07-1001-97 and/or Docket#FM-12-05-04M.

117. Plaintiffs informed Defendants to cease and desist to Defendants by US mail and communications under account CS34168837A, Docket#FM-07-1001-97 and/or Docket#FM-12-05-04M.

118. Defendants issued erred court orders.

119. Defendants issued court orders without any wriiten and/or legal findings.

120. Defendants withheld erred issued court orders from plaintiffs.

121. Defendants failed to provide issued court orders to plaintiffs when entered.

23

## COUNT ONE

### Frivolous Litigation Statute

122. Marc Nufrio repeats the allegations in Paragraphs 1-121 of the Complaint as if fully set forth herein.

123.  Karyn Nufrio and/or Karyn Nufrio-Sloop, by way of filing numerous frivolous motions against Marc Nufrio in bad faith, knowing the motions to be frivolous and with the sole purpose to intimidate, harass, delay and cause malicious injury, on multiple occasions, has violated N.J.S.A. 2A:15-59 et seq. thereby causing Marc Nufrio great emotional and financial damage.

124.  Defendants, by way of filing numerous frivolous motions and/or complaint against Marc Nufrio in bad faith, knowing the motions to be frivolous and with the sole purpose to intimidate, harass, delay and cause malicious injury, on multiple occasions, has violated N.J.S.A. 2A:15-59 et seq. thereby causing Marc Nufrio great emotional and financial damage.

125.  Defendants, by way of filing numerous frivolous enforcement of child support proceedings and/or complaint against Marc Nufrio in bad faith, knowing the motions and/or proceedings to be frivolous and with the sole purpose to intimidate, harass, delay and cause malicious

24

injury, on multiple occasions, has violated N.J.S.A. 2A:15-59 et seq. thereby causing Marc Nufrio great emotional and financial damage.

126. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, were in violation of state and Federal

25

discrimination and civil rights laws including but not limited to New Jersey law against discrimination and Federal USC section 1983.

127.   As a result of the defendant's actions plaintiff incurred, emotional distress, economic damage and legal expenses.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or

26

through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks

the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT TWO

### Abuse Of Process

128.   Marc Nufrio repeats the allegations in Paragraphs 1-127 of the Complaint as if fully set forth herein.

129. Karyn Nufrio and/or Karyn Nufrio-Sloop, by way of filing numerous frivolous motions and/or complaint against Marc Nufrio solely for the purpose to intimidate, and harass Marc Nufrio for no other legitimate legal purpose, has committed on more than occasion the tort of Abuse of Process thereby causing Marc Nufrio great emotional and financial damage.

130. Defendants statements, by way of filing numerous

27

Case 2:11-cv-03232-WJM-MF    Document 1    Filed 06/03/11    Page 29 of 73 PageID: 29

frivolous motions and/or complaint against Marc Nufrio solely for the purpose to intimidate, and harass Marc Nufrio for no other legitimate legal purpose, has committed on more than occasion the tort of Abuse of Process thereby causing Marc Nufrio great emotional and financial damage.

131. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn

28

Nufrio-Sloop, against Marc Nufrio and/or plaintiffs solely for the purpose to intimidate, and harass Marc Nufrio for no other legitimate legal purpose, has committed on more than occasion the tort of Abuse of Process thereby causing Marc Nufrio great emotional and financial damage.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert

29

Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT THREE

### Harassment

132. Marc Nufrio repeats the allegations in Paragraphs 1-131 of the Complaint as if fully set forth herein.

133. Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

134. Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

30

135. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and through continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of annoying and intimidating Marc Nufrio wherein he has

31

suffered great emotional and financial distress.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice(VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

32

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT FOUR

Negligent Infliction Of Emotional Distress

136. Marc Nufrio repeats the allegations in Paragraphs 1-135 of the Complaint as if fully set forth herein.

137. Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

138. Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

139. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia

33

Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and through continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against

34

the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks

the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

35

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT FIVE

Intentional Infliction Of Emotional Distress

140.  Marc Nufrio repeats the allegations in Paragraphs 1-139 of the Complaint as if fully set forth herein.

141.  Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of causing severe emotional distress to Marc Nufrio.

142.  Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of causing severe emotional distress to Marc Nufrio.

143. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents

36

servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and through continuous actions as herein above described, has in the past and continues to the present to harass Marc Nufrio for the sole purpose of causing severe emotional distress to Marc Nufrio. WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or

37

through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks

the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

38

COUNT SIX

Slander

144.   Marc Nufrio repeats the allegations in Paragraphs 1-143 of the Complaint as if fully set forth herein.

145.   Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present to slander Marc Nufrio by communication false and defamatory statements of fact concerning the plaintiff and that Karyn Nufrio and/or Karyn Nufrio-Sloop knew or should have known, or acted in reckless disregard of the statements truth or falsity wherein Marc Nufrio has suffered great emotional and financial distress.

146.   Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to slander Marc Nufrio by communication false and defamatory statements of fact concerning the plaintiff and that Karyn Nufrio and/or Karyn Nufrio-Sloop knew or should have known, or acted in reckless disregard of the statements truth or falsity wherein Marc Nufrio has suffered great emotional and financial distress.

147. Statements made by Defendant(s), Morris/Sussex

39

Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and through continuous actions as herein above described, has in the past and continues to the present to slander Marc Nufrio by communication false and defamatory statements of fact concerning the plaintiff and that Karyn Nufrio and/or Karyn Nufrio-Sloop knew or should

40

have known, or acted in reckless disregard of the statements truth or falsity wherein Marc Nufrio has suffered great emotional and financial distress.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

41

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT SEVEN

### Slander Per Se

148.  Marc Nufrio repeats the allegations in Paragraphs 1-147 of the Complaint as if fully set forth herein.

149.  Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present to slander Marc Nufrio by communication false and defamatory statements of fact concerning the plaintiff chastity and that Karyn Nufrio and/or Karyn Nufrio-Sloop knew or should have known, or acted in reckless disregard of the statements truth or falsity wherein Marc Nufrio has suffered great emotional and financial distress.

150.  Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to slander Marc Nufrio by

42

communication false and defamatory statements of fact concerning the plaintiff chastity and that Karyn Nufrio and/or Karyn Nufrio-Sloop knew or should have known, or acted in reckless disregard of the statements truth or falsity wherein Marc Nufrio has suffered great emotional and financial distress.

151. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or

43

through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and through continuous actions as herein above described, has in the past and continues to the present to slander Marc Nufrio by communication false and defamatory statements of fact concerning the plaintiff and that Karyn Nufrio and/or Karyn Nufrio-Sloop knew or should have known, or acted in reckless disregard of the statements truth or falsity wherein Marc Nufrio has suffered great emotional and financial distress.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For

44

Justice (VLJ), individually or through it's agents

servant's and/or employees, Drinker Biddle & Reath LLP,

individually or through it's agents, servants and/or

employees, Drinker Biddle & Shanley LLP, individually or

through it's agents, servants and/or employees, Robert

Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn

Nufrio-Sloop and seeks

the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## EIGHT

Conspiracy To Violate Frivolous Litigation Statute

152.   Marc Nufrio repeats the allegations in Paragraphs 1-151 of the Complaint as if fully set forth herein.

153.   Karyn Nufrio and/or Karyn Nufrio-Sloop, by way and through her continuous actions as herein above described as aided, abetted, has conspired to filing numerous frivolous motions against Marc Nufrio in bad faith, knowing the

45

motions to be frivolous and with the sole purpose to intimidate, harass, delay and cause malicious injury, on multiple occasions, has violated N.J.S.A. 2A:15-59 et seq. thereby causing Marc Nufrio great emotional and financial damage.

154.  Defendants, by way and through continuous actions as herein above described as aided, abetted, has conspired of filing numerous frivolous motions against Marc Nufrio in bad faith, knowing the motions to be frivolous and with the sole purpose to intimidate, harass, delay and cause malicious injury, on multiple occasions, has violated N.J.S.A. 2A:15-59 et seq. thereby causing Marc Nufrio great emotional and financial damage.

155.  Defendants, by way and through continuous actions as herein above described as aided, abetted, has conspired of filing numerous frivolous enforcement of child support proceedings against Marc Nufrio in bad faith, knowing the motions and/or proceedings to be frivolous and with the sole purpose to intimidate, harass, delay and cause malicious injury, on multiple occasions, has violated N.J.S.A. 2A:15-59 et seq. thereby causing Marc Nufrio great emotional and financial damage.

156. Statements made by Defendant(s), Morris/Sussex

Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and were in violation of state and Federal discrimination and civil rights laws including but not limited to New Jersey law against discrimination and Federal USC section 1983.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against

47

the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks

the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

48

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT NINE

### Conspiracy To Commit Abuse Of Process

157.  Marc Nufrio repeats the allegations in Paragraphs 1-156 of the Complaint as if fully set forth herein.

158.  Karyn Nufrio and/or Karyn Nufrio-Sloop, by way and through her continuous actions as herein above described as aided, abetted, has conspired to commit Abuse of Process against Marc Nufrio by filing numerous frivolous motions against Marc Nufrio solely for the purpose to intimidate, and harass Marc Nufrio for the purpose of intimidating and harassing Marc Nufrio and for no other legitimate legal purpose.

159.  Defendants statements, by way and through her continuous actions as herein above described as aided, abetted, has conspired to commit Abuse of Process against Marc Nufrio by filing numerous frivolous motions against Marc Nufrio solely for the purpose to intimidate, and harass Marc Nufrio for the purpose of intimidating and harassing Marc Nufrio and for no other legitimate legal

49

purpose.

160.   Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, by way and through continuous actions as herein above described as aided, abetted, has conspired to commit Abuse of Process against Marc Nufrio by filing

50

numerous frivolous motions and/or complaint against Marc Nufrio solely for the purpose to intimidate, and harass Marc Nufrio for the purpose of intimidating and harassing Marc Nufrio and for no other legitimate legal purpose. WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn

51

Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT TEN

### Conspiracy to Commit Harassment

161. Marc Nufrio repeats the allegations in Paragraphs 1-160 of the Complaint as if fully set forth herein.

162. Karyn Nufrio and/or Karyn Nufrio-Sloop, by way and through her continuous actions as herein above described has aided, abetted, has conspired to harass Marc Nufrio solely for the purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

163. Defendants statements, by way and through continuous actions as herein above described has aided, abetted, has conspired to harass Marc Nufrio solely for the purpose of annoying and intimidating Marc Nufrio wherein he has suffered great emotional and financial distress.

52

164. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, by way and through continuous actions as herein above described as aided, abetted, has conspired to harass Marc Nufrio solely for the purpose of annoying and intimidating Marc Nufrio wherein he has suffered great

53

emotional and financial distress.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

54

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

<u>COUNT ELEVEN</u>

Conspiracy to Commit Intentional Infliction Of Emotional Distress

165. Marc Nufrio repeats the allegations in Paragraphs 1-164 of the Complaint as if fully set forth herein.

166. Karyn Nufrio and/or Karyn Nufrio-Sloop, by way and through her continuous actions as herein above described has aided, abetted, has conspired to harass Marc Nufrio sole purpose of inflicting severe emotional distress upon Marc Nufrio.

167. Defendants statements, by and through continuous actions as herein above described, have aided, abetted, has conspired to harass Marc Nufrio sole purpose of inflicting severe emotional distress upon Marc Nufrio.

168. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents

55

servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and through continuous actions as herein above described, have aided, abetted, has conspired to harass Marc Nufrio sole purpose of inflicting severe emotional distress upon Marc Nufrio.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or

through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks

the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

57

## COUNT TWELVE

### Fraud

169.  Marc Nufrio repeats the allegations in Paragraphs 1-168 of the Complaint as if fully set forth herein.

170.  Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present have committed fraud against Marc Nufrio.

171.  Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to have committed fraud against Marc Nufrio.

172.  Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the

58

Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and/or others through continuous actions as herein above described, has in the past and continues to the present to have committed fraud against Marc Nufrio. WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's

59

and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT THIRTEEN

173. Marc Nufrio repeats the allegations in Paragraphs 1-172 of the Complaint as if fully set forth herein.

174. Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present have committed fraud and/or negligence against Marc Nufrio.

175. Defendants statements, by and through continuous

60

actions as herein above described, has in the past and continues to the present to have committed fraud and/or negligence against Marc Nufrio.

176. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and/or others through continuous actions as

herein above described, has in the past and continues to the present to have committed fraud against Marc Nufrio. WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

62

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

## COUNT FOURTEEN

177. Marc Nufrio repeats the allegations in Paragraphs 1-178. of the Complaint as if fully set forth herein.

179. Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present have committed fraud against Marc Nufrio.

180. Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to have breached their contractual responsibility and were in violation of state and Federal discrimination and civil rights laws including but not limited to New Jersey law against discrimination and Federal USC section 1983 to the plaintiff and/or contract.

181. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia

63

Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and/or others through continuous actions as herein above described, has in the past and continues to the present to have committed fraud against Marc Nufrio and/or misconduct.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's

64

and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

65

G. Injunctive Relief

## COUNT FIFTHTEEN

182.   Marc Nufrio repeats the allegations in Paragraphs 1-181 of the Complaint as if fully set forth herein.

183. Karyn Nufrio and/or Karyn Nufrio-Sloop, by and through her continuous actions as herein above described, has in the past and continues to the present have committed fraud and misconduct against Marc Nufrio.

195. Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to have committed misconduct and were in violation of state and Federal discrimination and civil rights laws including but not limited to New Jersey law against discrimination and Federal USC section 1983 to the plaintiff.

184. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or

66

through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and/or others through continuous actions as herein above described, has in the past and continues to the present to have committed fraud and misconduct against Marc Nufrio and/or plaintiffs.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or

67

through it's agents servant's and/or employees, Morris County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

A. Compensatory damages;

B. Consequential damages;

C. Punitive damages;

D. Pre and post judgment costs, interest;

E. Attorney's fees and costs;

F. Such other relief as the court deems just and equitable,

G. Injunctive Relief

COUNT SIXTEEN

185.  Marc Nufrio repeats the allegations in Paragraphs 1-184. of the Complaint as if fully set forth herein.

186. Drinker Biddle & Reath LLP and and/or defendants, by

68

and through continuous actions as herein above described, has in the past and continues to the present have committed fraud and/or misconduct and/or engaged in unethical activities and/or engaged in deceptive conduct and/or engaged in criminal acts and/or mail fraud against Plaintiffs Marc Nufrio.

187. Defendants statements, by and through continuous actions as herein above described, has in the past and continues to the present to have committed fraud and mail fraud and were in violation of state and Federal discrimination and civil rights laws including but not limited to New Jersey law against discrimination and Federal USC section 1983 and/or Title 18 Federal United States Code section 1341 to the plaintiffs.

188. Statements made by Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris

69

County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop, and/or others through continuous actions as herein above described, has in the past and continues to the present to have committed mail fraud against Marc Nufrio and/or plaintiffs.

WHEREFORE, Plaintiffs Marc Nufrio demands judgment against the Defendant(s), Morris/Sussex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, Patricia Quintavella, Jonathan Bell, Essex Vicinage Probation Services Division, individually or through it's agents servant's and/or employees, State Of New Jersey, individually or through it's agents servant's and/or employees, County Of Morris individually or through it's agents servant's and/or employees, Morris

70

County Sheriff individually or through it's agents servant's and/or employees, Administrative Office of the Courts, individually or through it's agents servant's and/or employees, Essex County Volunteer Lawyers For Justice (VLJ), individually or through it's agents servant's and/or employees, Drinker Biddle & Reath LLP, individually or through it's agents, servants and/or employees, Drinker Biddle & Shanley LLP, individually or through it's agents, servants and/or employees, Robert Ciolek, Andrew White, Deirdre R. Kole, Karyn Nufrio, Karyn Nufrio-Sloop and seeks the following relief:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the Following relief against Defendants:

A. Awarding damages resulting from Defendants wrongdoing of $50,000,000.

B. Compensatory damages;

C. Consequential damages;

D. Punitive damages;

E. Pre and post judgment costs, interest;

F. Attorney's fees and costs;

G. Such other relief as the court deems just and equitable.

H. Injunctive Relief for plaintiffs

I. Injunctive relief to immediatley stop defendants from

71

receiving child support payments and enforcement until corrective actions are taken.

J. Injunctive relief for separate agency to handle customer disputes for child support, childs support enforcement and court orders.

K. Injunctive relief for separate agency to with legal attornies on staff to handle customer disputes for child support, child support enforcement and court orders.

L. Injunctive relief against Defendants for receiving any state or federal funds for child support, child support enforcement until further order of court.

M. Injunctive Relief to plaintiffs for defendants injustices and/or with immediate correction of court records and wrongful actions by defendants.

### JURY DEMAND
Plaintiffs hereby demands a trial by jury as to all issues.

### RULE 4:5-1 CERTIFICATION
Pursuant to Rule 4:5-1, it is hereby stated that the within matter in controversy is not the subject of any pending action in any other court or of a pending arbitration proceeding to the best of our knowledge and belief.

Marc Nufrio has a Child Support Account CS34168837A for Docket#FM-12-05-04M for Nufrio Vs Nufrio.

Plaintiff-Marc Nufrio

Marc Nufrio-Pro Se

DATE: June 3, 2011

72