UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC NUFRIO,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICIA QUINTAVELLA, *et al.*,<br><br>        Defendants. | 11-CV-3232<br><br>OPINION |

This matter comes before the Court on a motion by Defendants Drinker Biddle & Reath LLP, Drinker Biddle & Shanley, LLP, Andrew White, Robert Ciolek, Karyn Nufrio, and Essex County Volunteer Lawyers for Justice (collectively the "Moving Defendants") for sanctions against Plaintiff Marc Nufrio pursuant to Federal Rule of Civil Procedure 11.

For the reasons discussed below, the Court will **grant the motion and sanction Mr. Nufrio.**

## I.      Factual and Procedural Background

Mr. Nufrio has a long history of frivolous litigation. Mr. Nufrio and his wife, Defendant Karyn Nufrio, divorced in 1999. Since that time, Mr. Nufrio has continuously sued his wife and any other party or entity that has had any involvement in the related litigation. He has been sanctioned at least four different times relating to this incessant litigation:

- On December 22, 2002, the Honorable Thomas P. Zampino, J.S.C., Superior Court of New Jersey, Chancery Division, Family Part, Essex County, barred Mr. Nufrio from filing any suits or motions in the entire State of New Jersey naming Ms. Nufrio as a defendant for a period of six months.
- On January 12, 2004, the Honorable Dennis V. Nieves, J.S.C., Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, found that Mr. Nufrio's "countless requests are duplicative, unintelligible and lack any legal basis." Judge Nieves also noted that Mr. Nufrio had "attempted in his filings to modify

1

        many prior orders that have either previously been litigated and decided by other Courts or upheld [on appeal]." Among various relief he granted, Judge Nieves barred Mr. Nufrio from making further baseless filings naming Ms. Nufrio as a defendant because Mr. Nufrio's conduct "amounted to harassment, vexatious litigation and an abuse of process." Judge Nieves also ordered Mr. Nufrio to pay $7,500 in attorney's fees as a sanction. Finally, Judge Nieves further ordered that Mr. Nufrio would face sanctions of $500 for any future frivolous filings.

- On December 14, 2004, the Honorable Ariel A. Rodriguez, P.J.A.D., Superior Court of New Jersey, Appellate Division, found that Mr. Nufrio's objective was "to harass his adversary [Ms. Nufrio]" and barred Mr. Nufrio from further filings in the suit. Judge Rodriguez also entered an order to show cause why Mr. Nufrio should not be ordered to pay attorney's fees.
- On March 14, 2006, the Honorable Joseph L. Rea, J.S.C., Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, ordered Mr. Nufrio to pay $5,000 as a monetary sanction for his litigation conduct. Judge Rea also ordered Mr. Nufrio to pay $2,000 in attorney's fees.

    More recently, on August 20, 2009, the Honorable Joseph J. Riva, J.S.C., Superior Court of New Jersey, Law Division, Civil Part, Passaic County, warned Mr. Nufrio that "your motion is frivolous, [and] as sure as I'm sitting here, there will be sanctions."[1]

    On June 3, 2011, Mr. Nufrio filed the above-captioned action with this Court. His list of defendants grew far beyond his ex-wife to include various parties that he alleged were involved in deprivation of various unspecified civil and constitutional rights. Aside from Ms. Nufrio, he named as defendants in this action: Patricia Quintavella; Morris/Sussex Vicinage Probation Services; the State of New Jersey; the County of Morris; Morris County Sheriff; Ms. Nufrio's former *pro bono* counsel and Drinker Biddle & Reath LLP, the firm with which her *pro bono* counsel was associated; Drinker Biddle & Shanley, a predecessor entity to Drinker Biddle & Reath LLP that no longer exists; the Administrative Office of the Courts (presumably of New Jersey); Essex County Volunteer Lawyers for Justice, a non-profit organization that previously provided free legal services to Ms. Nufrio; and various fictitious entities.

    On December 5, 2011, this Court dismissed the above-captioned action for

---

[1] These prior state decisions are public records of which the Court takes judicial notice. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

2

lack of subject matter jurisdiction.[2] ECF No. 22. The Court found that the parties were not completely diverse because both Mr. Nufrio and various defendants resided in New Jersey. The Court also found that it lacked federal question jurisdiction over the action. In doing so, the Court noted the frivolous nature of Mr. Nufrio's papers:

> Despite being seventy-two pages in length, the Complaint alleges no specific statements with respect to these Counts, and it does not allege how these unspecified statements could violate either Section 1983 or any federal civil discrimination statute. Indeed, the Court is at a loss to see how any of the factual allegations of the Complaint could state any causes of action with respect to these statutes. The Counts appear to have resulted from shotgun pleading, modeled after some kind of form complaint, and drafted with the intent of alleging that nearly every defendant violated some vague federal law through essentially unspecified conduct. The references to non-specific federal law scattered throughout these allegations appear to be little more than an attempt to create federal jurisdiction.

*Id.* at 4.

On December 9, 2011, the Moving Defendants filed this motion for sanctions alleging that Mr. Nufrio's filings necessary failed for multiple reasons – including the lack of subject matter jurisdiction – and arguing that Mr. Nufrio made the filings purely for the purpose of harassing the Defendants.

## II.   Legal Analysis

### A. Rule 11 Procedural Requirements

Prior to assessing whether sanctions are appropriate, the Court must consider whether the Rule 11 Movants properly complied with the necessary procedure. Rule 11(c)(2) contains a safe-harbor provision requiring that parties that are about to file a Rule 11 motion should first serve in accordance with Federal Rule of Civil Procedure 5 a copy of that motion on the parties moved against and then wait at least twenty-one days prior to filing the motion with the court. This creates an opportunity for the alleged violator to review his claims and withdraw or correct his filings as appropriate to avoid violating the rule.

Here, the Moving Defendants have complied with the safe-harbor provision. Counsel for the Moving Defendants served Mr. Nufrio with a copy of their motion for sanctions via certified mail, return receipt requested, on November 9, 2011.

---

[2] The Court retains subject matter jurisdiction to consider the motion for sanctions even though it does not have subject matter jurisdiction over the merits of the case. *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000).

The Moving Defendants did not file their motion for sanctions with the Court until December 9, 2011, more than twenty-one days after they served Mr. Nufrio with the copy. Mr. Nufrio did not withdraw his motion in the interim.

### B. The Rule 11 Standard

Rule 11 requires that the party submitting a particular pleading make a reasonable inquiry into both the facts and law supporting that pleading at the time of filing. *Schering Corp. v. Pharmaceuticals, Inc.*, 889 F.2d 490, 496 (3d Cir. 1989).[3] Sanctions under Rule 11 do not require a showing of bad faith – the party to be sanctioned need only have engaged in objectively unreasonable conduct in filing the pleading or in later advocating it. *In re Taylor*, 655 F.3d 274, 282 (3d Cir. 2011). Of course, filings made in bad faith or for an improper purpose, such as harassment, delay, or increasing the costs of litigation, also violate Rule 11. *See Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991). Although the Court does not hold Mr. Nufrio, who is *pro se*, to the same standard applicable to an attorney, the obligations of Rule 11 still apply to *pro se* parties. *See, e.g.*, *Toll v. American Airlines, Inc.*, 166 F. App'x 633, 637 (3d Cir. 2006) (affirming award of monetary sanctions under Rule 11 against *pro se* plaintiff). Finally, the Court considers the reasonableness of Mr. Nufrio's action under the circumstances as they were at the time of his filing. *See Ford Motor Co. v. Summit Motor Prod. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

### C. Rule 11 Sanctions

Here, sanctions are appropriate. Normally, a court should not order sanctions merely because a *pro se* plaintiff filed a purported federal lawsuit over which no federal court would actually have subject matter jurisdiction. Subject matter jurisdiction is technical and of course confusing to an individual who is untrained in the law. But the Court must consider the filing in the total circumstances of this case when assessing whether Mr. Nufrio was acting reasonably and without an improper purpose. And a review of the total circumstances makes clear that not only did Mr. Nufrio fail to make an objectively reasonable investigation into the legal and factual basis for his claims, he also filed the action for the improper purpose of harassing the Defendants.

---

[3] Specifically, Rule 11(b) provides: "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ."

First, the Court should consider the complaint itself. As the Court noted in its December 5, 2011 order, Mr. Nufrio filed a shotgun-style pleading that was purposefully vague and as widely encompassing as possible. And, accounting for fictitious entities, the complaint names over one-hundred parties as defendants with the common theme appearing to be Ms. Nufrio, any firm or individual who has ever provided Ms. Nufrio with legal services in lawsuits in which Mr. Nufrio was opposing his wife, and various state agencies and entities responsible for adjudicating the prior lawsuits between the parties and enforcing prior judgments against him. The complaint is replete with vague, qualifying phrases and terms such as "and/or" for the purpose of casting as wide a net as possible. *See, e.g.*, Compl. ¶ 186 ("Drinker Biddle & Reath LLP and [sic] and/or defendants, by an through continuous actions as herein above described, has in the part and continues to the present have committed fraud and/or misconduct and/or engaged in unethical activities and/or engaged in deceptive conduct and/or engaged in criminal acts and/or mail fraud against Plaintiffs [sic] Marc Nufrio."). The purported factual allegations are vague, generalized conclusions that fail to come close to providing the specificity needed to state proper legal claims putting defendants on notice. *See, e.g.*, *id.* ¶ 84 ("On or about November 29, 1999 to present defendants fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent fact by the client."). Nor do Mr. Nufrio's allegations appear to have any basis in fact. For example, Mr. Nufrio makes the facially ridiculous allegation that unspecified individuals – including some or all of the Defendants – schemed to extort money from him by requiring him to pay Ms. Nufrio child support. As evidentiary support for this conspiracy theory, Mr. Nufrio points to a 1999 court order awarding Ms. Nufrio sole custody of their child, ordering Mr. Nufrio to pay child support, and further ordering Mr. Nufrio to attend counseling sessions. How this supports rather than refutes Mr. Nufrio's allegation is beyond understanding. It is clear that Mr. Nufrio did not even attempt to make an objectively reasonable investigation into the legal and factual basis for his claims. That alone is a violation of Rule 11 justifying the imposition of sanctions.

But the Court must also consider Mr. Nufrio's history of frivolous litigation. As delineated above, Mr. Nufrio has been sanctioned numerous times by New Jersey state tribunals for filing ridiculously expansive lawsuits for the improper purposes of harassing Ms. Nufrio and other individuals. This context makes clear that this federal lawsuit is merely one more case in Mr. Nufrio's long line of vexatious lawsuits.

Finally, the Court considers Mr. Nufrio's briefs submitted over the course of the present litigation, which contain baffling and sometimes misleading statements regarding the conduct of the Moving Defendants. Two examples will suffice. First, in a letter dated December 9, 2011, Mr. Nufrio accuses the Moving Defendants of

5

having improper *ex parte* discussions with the Court, including at conferences and other unspecified proceedings to which Mr. Nufrio was not invited. This is factually incorrect. The Court has not had any *ex parte* discussions with any of the parties or their counsel, and the Court has not held any proceedings of any kind relating to this case.[4] Second, in his January 3, 2011 letter filed in opposition to the motion for sanctions, Mr. Nufrio accuses the Moving Defendants of perpetrating fraud on the Court and insists that he never received the November 9, 2011 notice regarding the Moving Defendants' intent to file a motion for sanctions. But Mr. Nufrio's December 9, 2011 letter provides strong refutation for this assertion: he attached a copy of the November 9, 2011 notice, which included a proposed motion, a supporting brief, and a proposed order, to his December 9, 2011 letter. He even attached a photocopy of the FedEx envelope, addressed to him, in which the November 9, 2011 notice ostensibly was shipped. How he can now claim that he was not properly served those papers is beyond this Court's understanding. And Mr. Nufrio makes no attempt to explain it. But his conduct in submitting and composing these briefs seems par for the course – Mr. Nufrio makes whatever statements and accusations he deems necessary to keep his lawsuit alive without regard to the objective reasonableness or truth of his utterances.

### D. Appropriate Sanctions

In assessing the proper sanctions, the Court should grant sanctions that are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Mr. Nufrio has shown in the past that little deters him from his course, and that only a formal bar will prevent him from future frivolous filings. Therefore, the Court will order that Mr. Nufrio may not file any further actions in this District naming any of the same defendants as are parties to this case without permission from the Court. The Court will also order Mr. Nufrio to pay $1,000 to the Clerk of the Court as a modest deterrent to future violations of Rule 11. *See Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 725 (3d Cir. 1988)(approving of awarding of sanctions payable to district court rather than opposing party as "recognize[ing] that deterrence of improper behavior, not simply compensation of the adversary, is a goal of Rule 11."). Although he is proceeding *pro se*, Mr. Nufrio is not proceeding *in forma pauperis*, and so the sanction, while not insubstantial, is appropriate to his financial means. The Court will also formally advise Mr. Nufrio that attempting to file future frivolous motions or lawsuits will result in the imposition of additional monetary sanctions, including reasonable attorney's fees and costs.

---

[4] Nor was the Court required to hold any. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

## III.   Conclusion

For the foregoing reasons, the Court will grant the motion and order the sanctions described herein. An appropriate order follows.[5]

                                                     /s/ William J. Martini  
                                         **WILLIAM J. MARTINI, U.S.D.J.**

---

[5] Mr. Nufrio has also applied for the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Aside from the fact that Mr. Nufrio has not presented any facts or evidence suggesting he is indigent – he was able to pay the filing fee for initiating this action – the Court will deny the application due to the obviously frivolous nature of his suit. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding that district court must first assess whether underlying case has arguable merit in fact and law before even considering whether appointment of counsel is appropriate).